JIRAH I. FOOTE AND ANOTHER, AS EXECUTORS AND TRUS-
TEES OF HORATIO N. OTIS, AND AS TESTAMENTARY
GUARDIANS OF LUCY F. OTIS (NOW BRUGGERHOF)
AND OTHERS, PLAINTIFFS, *v.* LUCY F. BRUGGERHOF AND
OTHERS, DEFENDANTS.

*Executors, trustees and guardians — accounting by —jurisdiction of the Supreme
Court — when the power of alienation is not suspended — several shares held
in solido — commissions — accounting sevarately as to each share impossible.*

Horatio N. Otis, by his will, proved in 1881, directed that his estate should be
divided into parts, one for each child who survived him, and the issue of any
deceased child to have one share, and directed his executors to pay over the shares
when the legatees reached majority. By a codicil to his will he gave his execu-
tors power to postpone, for any period not illegal, the payment to any legatee
of the principal of his share after he had reached majority, provided the execu-
tors deemed such postponement best for the legatee, and that, in the meantime,
the executors should keep the postponed share invested and pay the legatee the
income. He appointed his executors guardians of his minor children.

In 1883 the executors accounted as such, and the surrogate directed the balance
on hand to be divided into five shares, the proper number, and that the execu-
tors pay over, return and invest them; and further directed the executors to file
the vouchers therefor from themselves, as testamentary guardians, "when they,
the said executors, shall be and hereby are discharged as such executors until the
further order of this court." Two of his children, Bradford and Margaret B.,
were of age when the testator died.

In an action brought by the executors and trustees and guardians to account in
their various capacities:

*Held,* that as a construction of the codicil was asked, and as the executors sought
to account in various capacities for a fund which had been held *in solido,* this
action in the Supreme Court could be maintained.

That the provisions of the codicil did not suspend the power of alienation during
the lifetime of the survivor of the three minors.

That its effect was to suspend that power as to each individual share only during
the life of its beneficiary.

It appeared that, after the decree of 1883, the executors never actually divided the
fund into five shares, nor did they divide the income; that they had made some
payments to some of the beneficiaries; that the children of Otis had lived
together as one household, and the income had been devoted in a general manner
to its support.

*Held,* that the plaintiffs were entitled to commissions, as executors, upon all sums
not embraced in the decree of 1883.

That as to the principal of the shares of the infants, now adults, since the plaintiffs
had not determined to pay over the principal to the legatees, they were only

entitled to commissions, as trustees, for holding the fund during infancy, and were not yet entitled to commissions for paying it over.

That, assuming that the plaintiffs as to the infants held these several funds as testamentary guardians, they were not entitled, in addition to the commissions last mentioned, to commissions on principal expended for the benefit of the infants during minority.

That the effect of such an allowance would be to give them commmissions in the two capacities of testamentary guardians and also of trustees.

That, upon the income of the infants' shares paid over, the plaintiffs were entitled to statutory commissions.

That the fact that the plaintiffs did not actually separate the fund into five parts, did not affect the question of commissions.

That, in the view of the law, the fund had been legally divided, each legatee receiving his income, and that it had been kept together, in fact, for mutual benefit and without objection.

That as to the shares of the adults, Bradford and Margaret B. Otis, the plaintiffs, never having paid over to them the principal, were now entitled only to commissions for holding the funds.

That they were entitled to statutory commissions on income paid over to the adults.

At Special Term the court required the plaintiffs to account for each share as a separate fund.

*Held,* that this direction should be changed.

That, inasmuch as there never had been an actual division of the fund into five parts, this direction of the court involved a physical impossibility, and that without such a provision the separate interest of each legatee could be ascertained upon an accounting and the rights of each be preserved.

APPEALS by the plaintiffs, Jirah I. Foote and Mary E. Bradford, as executors and trustees of Horatio N. Otis, and as testamentary guardians of Lucy F. Otis (now Lucy F. Bruggerhof), and of Bessie M. Otis (now Bessie M. Covell) and of Ray F. Otis, from so much of a judgment, entered in the office of the clerk of the city and county of New York on the 30th day of June, 1892, as decreed that in and by the codicil to his last will and testament, Horatio N. Otis attempted to create an express trust and to appoint the plaintiffs trustees thereof, and also from so much and such parts of said judgment as adjudged that the trust so attempted to be created was not authorized by the laws of this State, but was and is contrary thereto, and that the said trust so attempted to be created was void in its creation; and from so much and such parts of said judgment as adjudged that it was the duty of the plaintiffs, under the will of Horatio N. Otis and under the

decree of the surrogate of Westchester county, dated 19th day of March, 1883, to have separated the assets of the estate of Horatio N. Otis, found by said decree to be remaining in their hands on said date, into the several funds specified in said decree as the amounts to which Bradford Otis and the defendants Margaret B. Scrugham, Lucy F. Bruggerhof, Bessie M. Covell and Ray F. Otis were entitled under said will, and that thereafter it was the duty of the plaintiffs to have kept each of said funds separate and unmingled with any other until each was paid over to the person entitled to.it; and from so much and such parts. of said judgment as adjudged that the plaintiffs had no discretionary power. under which they could either make such separation or refrain from making it; and from so much and such parts of said judgment as adjudged that the plaintiffs have always held the portion of the estate of Horatio N. Otis, to which Bradford Otis was found entitled by the decree of the surrogate of Westchester county, dated the 19th day of March, 1883, as executors of the last will and testament of said Horatio N. Otis; and from such parts and so much of said judgment as orders, adjudges and decrees that the plaintiffs still hold as such executors any portion of the said share of Bradford Otis now remaining in their hands; and from such parts and so much of said judgment as adjudged that the plaintiffs' account as said executors to the defendant Lucy F. Bruggerhof, as administratrix of said Bradford Otis, for the said share to which Bradford Otis was so found to be entitled, together with the income and increase thereof from the 19th day of March, 1883, to the date of the referee's report; and from such parts and so much of said judgment as adjudged that the plaintiffs should account for the sum of $30,127.52, to which Bradford Otis was found to be entitled on March 19, 1883, by the surrogate's decree of that date, together with all income and increase thereof as a separate and distinct fund, without reference to any other funds which may have been in their hands during the same period, belonging to any other of the defendants in this action, or in which any other of said defendants had any interest; and from such parts and so much of said judgment as adjudged that the plaintiffs have always held the portion of the estate of Horatio N. Otis to which Margaret B. Otis, now Scrugham, was found entitled

by the decree of the surrogate of Westchester county, dated 19th of March, 1883, as executors of the last will and testament of Horatio N. Otis; and from such parts and so much of said judgment as adjudged that the plaintiffs still hold, as such executors, any portion of the said share of Margaret B. Scrugham, now remaining in their hands; and from such parts and so much of said judgment as adjudged that the plaintiffs' account, as such executors, to the defendant Margaret B. Scrugham, for the said share to which she was so found to be entitled, together with all income and interest thereof from the 19th day of March, 1883, to the date of the referee's report; and from such parts and so much of said judgment as adjudged that the plaintiffs should account to the defendant Margaret B. Scrugham for the sum of $41,435.13, to which she was found to be entitled by the surrogate's decree of 1883, together with all income and increase thereof as a separate and distinct fund, without reference to any other funds which may have been in their hands during the same period, belonging to any other of the defendants in this action, or in which any other of the defendants had an interest; and from such parts and so much of said judgment as adjudged that the plaintiffs should pay over to the defendant Margaret B. Scrugham any balance found remaining in their hands on such accounting; and from such parts and so much of said judgment as adjudged that the plaintiff should account to the defendant Lucy F. Bruggerhof for the sum of $41,202.70, to which she was found to be entitled by the surrogate's decree of 1883, together with its income and increase as a separate and distinct fund, without reference to any other funds which may have come into their hands during the same period, belonging to any other of the defendants in this action, or in which any other, of the said defendants had any interest; and from such parts and so much of said judgment as adjudged that on October 24, 1883, when said Lucy F. Otis, now Bruggerhof, became of age, she was entitled to payment by the plaintiffs of any sum then remaining in their hands as her said guardians; and from such parts and so much of said judgment as adjudged that the plaintiffs should pay over to said Lucy F. Bruggerhof any sum found on their accounting, as her testamentary guardians, to be remaining in their hands;

and from such parts and so much of said judgment as adjudged that the plaintiffs' account to said Lucy F. Bruggerhof, from October 24, 1883, when she became of age, to the date of the referee's report, for any sum found on plaintiffs' aforesaid accounting, as her testamentary guardians, to be remaining in their hands, together with its income and increase as a separate and distinct fund, without reference to any other funds which may have been in their hands during the same period, belonging to any other of the defendants in this action, or in which any other of said defendants had, any interest; and from such parts and so much of said judgment as adjudged that the plaintiffs should pay over to said Lucy F. Bruggerhof any sum found on their last-mentioned accounting to be still remaining in their hands; and from such parts and so much of said judgment as adjudged that the plaintiffs should account to the defendant Bessie M. Covell for the sum of $41,276.55, her share on such accounting of 1883, together with its income or increase as a separate and distinct fund, without reference to any other funds which may have come into their hands during the same period, belonging to any other of the defendants in this action, or in which any other of the said defendants had any interest; and from such parts and so much of said judgment as adjudged that, on October 10, 1885, when said Bessie M. Otis, now Covell, became of age, she was entitled to payment by the plaintiffs of any sum then remaining in their hands as her said guardians; and from such parts and so much of said judgment as adjudged that the plaintiffs should pay over to said Bessie M. Covell, any sum found on their said accounting as her testamentary guardians to be remaining in their hands; and from such parts and so much of said judgment as adjudged that the plaintiffs account to said Bessie M. Covell, from October 10, 1885, when she became of age, to the date of the referee's report, for any sum found on plaintiffs' aforesaid accounting as her testamentary guardians to be remaining in their hands, together with its income and increase as a separate and distinct fund, without reference to any other funds which may have been in their hands during the same period belonging to any other of the defendants in this action, or in which any other of said defendants had any interest; and from such parts and so much of said judgment as adjudged that the

plaintiffs should pay over to Bessie M. Covell any sum found on their last-mentioned accounting to be still remaining in their hands; and from such parts and so much of said judgment as adjudged that the plaintiffs should account to the defendant Ray F. Otis for the sum of $42,263.77, his share on such accounting in 1883, together with its income and increase as a separate and distinct fund, without reference to any other fund which may have come into their hands during the said period. belonging to any other of the defendants in this action, or in which any other of the said defendants had any interest; and from such parts and so much of said judgment as adjudged that the plaintiffs should pay over to the defendants, or such of them as should be entitled thereto, the sum found on their accounting therein referred to. to be still remaining in their hands of said judgment.

Also an appeal by the infant defendant Ray F. Otis, by Robert P. Getty, Jr., his guardian *ad litem* from so much and such parts of the said judgment as follows:

From that part thereof which adjudged that by the terms of the said last will and testament the plaintiffs were made and constituted testamentary trustees of the said estate, or so much thereof as remained when its ordinary administration by them, as executor and executrix, was completed and closed; and also from that part thereof which adjudged that the executorial duties of the plaintiffs, with respect to so much of the estate of Horatio N. Otis, deceased, as was embraced in the said accounting proceedings, and by the decree therein entered in the Surrogate's Court of Westchester county, on the 19th day of March, 1883, found remaining in their hands, ceased and were determined upon the entry of said decree; and also from that part thereof which adjudged that the plaintiffs were entitled to maintain this action to prevent a multiplicity of proceedings in the Surrogate's Court, and in order that their administration of the said fund found in their hands, by the decree of 1883, might be passed upon and judicially settled by a tribunal having full power to bring before it and bind by its decree every person having an interest in the questions that might arise on the accounting by these plaintiffs in any of their several capacities; and also from that part thereof which adjudged that the plaintiffs were entitled to maintain this action, and that this court would

entertain the same, so far as it was for an accounting by themselves as testamentary guardians of Lucy F. Otis, now Lucy F. Bruggerhof, Bessie M. Otis, now Bessie M. Covell, and Ray F. Otis, and that all of the other defendants were necessary parties to this action, so far as the same sought that relief ; and also from that part thereof which adjudged that the plaintiffs were entitled to maintain this action, and that this court would entertain the same, so far as it was for an accounting by themselves as testamentary trustees, under the will of Horatio N. Otis, deceased, and that all of the defendants in this action were necessary parties to this action, so far as the same sought that relief; and also from that part thereof which adjudged that this court, in exercising jurisdiction over the action, so far as the same related to the plaintiffs' administration of the fund found in their hands by the surrogate's decree of the 19th day of March, 1883, would also pass upon the plaintiffs' administration of the property or assets of the estate of Horatio N. Otis, which have come into their hands after the said accounting proceedings of 1883 ; and also from that part thereof which adjudged that the plaintiffs were entitled to and should account herein as testamentary trustees under the will and testament of Horatio N. Otis, deceased ; and also from that part thereof which adjudged that the plaintiffs were entitled to commissions as executors upon the assets and property which might have come into their hands since the said accounting proceedings of 1883, not therein accounted for; and also from that part thereof which adjudged that the plaintiffs were entitled to commissions as testamentary guardians of Ray F. Otis, upon the share of said person in the fund found in their hands by the decree of 1883; and also from the part thereof which adjudged that the plaintiffs were entitled to full commissions as testamentary guardians, to be computed for each year and allowed upon the annual income paid out or disbursed by them, of the share of Ray F. Otis, since the decree of 1883 ; and also from so much of that part thereof which adjudged that the plaintiffs were testamentary trustees, or should account as such, or which adjudges that they were entitled to commissions in any capacity whatever.

Also an appeal by the defendants Lucy F. Bruggerhof, individually, and Bessie M. Covell, jointly and severally, from so much

and such parts of the said judgment, to wit: From so much and such parts of said judgment as adjudged that, by the terms of the last will and testament of Horatio N. Otis, the plaintiffs were made and constituted testamentary trustees of his estate, or of so much thereof as remained when its ordinary administration by the plaintiffs, as executor and executrix, was completed and closed; and from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to maintain this action to prevent a multiplicity of proceedings in the Surrogate's Court, and in order that their administration of the said fund, found in their hands by the surrogate's decree of 1883, might be passed upon and judicially settled by a tribunal having full power to bring before it and bind by its decree every person having any interest in the questions that might arise on the accounting by these plaintiffs in any of their several capacities; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to maintain this action, and this court would entertain the same, so far as it was for an. accounting by themselves as testamentary guardians of Lucy F. Otis, now Lucy F. Bruggerhof, Bessie M. Otis, now Bessie M. Covell, and Ray F. Otis; and that all of the other defendants were necessary parties to this action, so far as the same sought their relief; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to maintain this action, and this court would entertain the same, so far as it was for an accounting by themselves as testamentary trustees under the will of Horatio N. Otis, deceased; and that all of the defendants in this action were necessary parties to this action, so far as the same sought that relief; and also from so much and such parts of said judgment as adjudged that this court, in exercising jurisdiction over the action, so far as the same related to the plaintiffs' administration of the fund found in their hands by the surrogate's decree of the 19th day of March, 1883, would also pass upon plaintiffs' administration of the property or assets of the estate of Horatio N. Otis, which had come into their hands after the said accounting proceedings of 1883; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to and should account herein as executors of the last will and testament of Horatio N. Otis, deceased; and also from so much and such parts of said judgment

as adjudged that the plaintiffs were entitled to and should account herein as testamentary trustees under the last will and testament of Horatio N. Otis, deceased, and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to and should account herein as testamentary guardians of Lucy F. Otis, now Lucy F. Bruggerhof, of Bessie M. Otis, now Bessie M. Covell, and of Ray F. Otis, under the last will and testament of Horatio N. Otis; and also from so much and such parts of said judgment as adjudged that the plaintiffs held and retained the share of Lucy F. Otis, now Bruggerhof, in the fund found in their hands by the decree of 1883, after she attained her majority, in the capacity of testamentary trustees of the same for her, and now held what remained of that share in the capacity of testamentary trustees as aforesaid; and also from so much and such parts of said judgment as adjudged that the plaintiffs held and retained the share of Bessie M. Otis, now Covell, in the fund found in their hands by the decree of 1883, after she attained her majority, in the capacity of testamentary trustees of the same for her, and now held what remained of that share in the capacity of the testamentary trustees as aforesaid; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to commissions, as executors, upon the assets and property that might have come into their hands since the said accounting proceedings of 1883 not therein accounted for; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to commissions, as testamentary guardians of Lucy F. Bruggerhof and Bessie M. Covell, upon the shares of said persons in the fund found in the hands of the plaintiffs by the said decree of 1883; and also from so much and such parts of said judgment as adjudged that the plaintiffs were entitled to full commissions, to be computed for each year, and allowed upon the annual income paid out by them of the shares of Lucy F. Bruggerhof and Bessie M. Covell, since the said decree of 1883, and during the respective minorities of said persons; and also from so much and such parts of said judgment as adjudged that the plaintiffs were also entitled to commissions, as testamentary trustees, upon the shares of Lucy F. Bruggerhof and Bessie M. Covell, paid out or delivered by them since the said persons, respectively, attained their majorities; and also from so much and such

parts of said judgment as adjudged that the plaintiffs were entitled to full commissions, as testamentary trustees, to be computed for each year, and allowed upon the annual income paid out by them of the shares of Lucy F. Bruggerhof and Bessie M. Covell, since the said persons, respectively, attained their majorities; and also from so much and such parts of said judgment as adjudged that it be referred to Louis H. Hahlo to take and state the accounts of the plaintiffs as testamentary trustees; and also from so much and such parts of said judgment as adjudged that the plaintiffs file with the said referee their accounts as testamentary trustees; and also from so much and such parts of said judgment as adjudged that the plaintiffs, in their accounts, should credit themselves with everything expended or paid out by them as executors, testamentary trustees or testamentary guardians, so far as such direction allowed improper or illegal credits, as contrary to the directions of the last will and testament of Horatio N. Otis, and contrary to law.

Also an appeal by the defendants Lucy F. Bruggerhof, individually, Bessie M. Covell and Ray F. Otis, jointly and severally, from an order entered in said clerk's office October 18, 1892, denying defendants' motion to resettle and amend the interlocutory judgment herein, dated June 30, 1892.

The action was tried by the court at the New York Special Term. It was brought by Jirah I. Foote and Mary E. Bradford, as executors and trustees of Horatio N. Otis and as testamentary guardians of his three minor children, to account in their several capacities. The will of Horatio N. Otis was proved in 1881. At the time of his death his children Bradford and Margaret B. Otis were of age.

*Maclay & Forest*, for the plaintiffs, appellants.

*John Henry Mann*, for Lucy F. Bruggerhof, individually and as administratrix, Margaret B. Scrugham and Bessie M. Covell, defendants.

*Robert P. Getty, Jr.*, for Ray F. Otis, defendant.

O'BRIEN, J.:

This action was brought by the plaintiffs for an accounting in respect to the estate of Horatio N. Otis, deceased. The defendants

are the four children of the deceased and the administratrix of a deceased child. Horatio N. Otis died May 7, 1881, leaving a will, which was thereafter proved before the surrogate. In addition to their letters testamentary, the plaintiffs also received letters of testamentary guardianship of the persons and estates of the defendants, Lucy F., Bessie M. and Ray F. Otis, who were under age when the testator died.

By his will the testator disposed of his estate as follows:

"*Third.* I direct that all my estate that shall remain at the time of my decease shall be divided into as many equal shares as I may leave children surviving me, provided that the issue living at the time of my decease of any deceased child of mine shall take a share such as the parent of such issue would have taken if living, and I give, devise and bequeath to each of my children, that shall survive me, one of such shares, and one share to such issue of each deceased child. * * *

"*Fourth.* The portions above provided shall be paid over by my executor and executrix to the several legatees, upon their attaining the age of twenty-one years, and not before, provided that my executor and executrix shall have the time allowed by law for the settlement of my estate, and except as hereinafter provided."

Subsequently, by a codicil to said will, it was provided:

"*Second.* I direct my executor and executrix named in my said will, and I hereby declare my said executor and executrix shall have a discretionary power to postpone for any period, not illegal under the laws of this State, the payment to any legatee or devisee of the principal of the share, or any portion thereof, to which such one may be entitled under my said will, after such one becomes twenty-one years of age, if, in the judgment of either said executor or executrix, such postponement shall be deemed best for such legatee or devisee, but said executor and executrix shall keep such share or part thereof remaining in their hands invested, and such legatee or devisee shall be entitled to receive the income annually from the same."

In 1883 plaintiffs accounted as executors before the surrogate, and thereafter a decree was made judicially settling their accounts, by which it was found that there was an actual balance in the executors' hands of the sum of $196,305.68, in cash and securities, and

decreeing the distribution thereof in the following language: " Said amount is hereby divided into five equal shares of $44,387.29 each." Then follow provisions ordering, with respect to the share of each of the persons, that the said executors pay over, retain and invest the said shares, and concluding with the following paragraph: " It is finally ordered, adjudged and decreed that said executors file in this court vouchers for all payments to be made by them under this decree; especially the vouchers from themselves, as such aforesaid testamentary guardians, when they, the said executors, shall be and hereby are discharged as such executors until the further order of this court."

Since the decree the plaintiffs have never actually separated or divided the fund into the shares to which the five children were entitled, excepting so far as payments of portions of said shares to such persons have effected a separation. Neither has there been a separation or division of the income received from the estate after the accounting proceedings of 1883, but it would appear that the same were used in the expenses of running the household, the members of which household were all the testator's children, for parts of the time, and also the expenses of educating the children, and for traveling and other similar expenses. It is conceded that the plaintiffs still hold, in its undivided state, portions, if not all, of the shares found by the decree of 1883.

Although many questions are suggested, four principal ones only need be considered: (1) Can the action be maintained? (2) Did the testator, by the codicil, suspend the power of alienation for a period longer than two lives in being? (3) What compensation should the plaintiffs receive? And (4), as incidental thereto, what effect would the retention of the fund, without actual division, have upon such right?

In *Blake* v. *Barnes* (26 Abb. N. C., 208), which, upon this point, was affirmed by the General Term of this court, it was held that a court of equity will not assume jurisdiction of an action for an accounting by executors, disconnected from the enforcement of a trust, unless special reasons are assigned and facts stated to show that complete justice cannot be done in the Surrogate's Court; and it is not enough to allege the special facts, but they must be true,

and must be established by competent testimony ; and that, if any such special fact is established, then the court will assume jurisdiction of the estate, and in the general accounting will not limit relief to the single fact which appropriately brought the case within its jurisdiction."

We think, in this case, that such special facts are made to appear, in that, among other things, the fund which has been held intact by the plaintiffs is to be accounted for by them in different capacities, and that upon such accounting a construction of the provisions of the codicil is necessary.

In regard to this last question, the learned judge at Special Term was of opinion that the provisions of the codicil were void for the reason that therein the testator suspended the power of alienation during the lifetime of the survivor of three persons. This, we think, was error, as a brief consideration of the provisions of the codicil, taken in connection with the provisions relating to the division of the fund, will show.

The testator, in effect, provided for a distribution of his estate into five equal shares, one share to go to each of his children living at his death, and to the issue of any deceased child, the same to be paid over upon such child attaining the age of twenty-one years. By the codicil, a discretionary power was conferred upon his executor and executrix " to postpone, for any period not illegal under the laws of this State, the payment, to any legatee or devisee, of the principal of the share, or any portion thereof, to which such one may be entitled, under my said will, after such one becomes twenty-one years of age ; " such share to be kept invested, and the legatee or devisee to receive the income annually upon the same.

This did not suspend the power of alienation, as assumed by the learned trial judge, during the lifetime of the survivor of three persons, but made it dependent upon the life of one, namely, the beneficiary alone. Because it is evident that, while the executors were not obliged to pay over the principal of any one of the shares upon the child to whom such share belonged arriving at age, still, there was no possibility of its being suspended beyond such life. It is true, that, during the life of the beneficiary, the executor or the survivor could exercise such discretion by withholding, after the child attained its majority, the principal and keep it invested, pay_

ing over the income annually. But it was not intended to hold, and the idea is expressly excluded of holding, the fund beyond the life of such beneficiary. As, therefore, there was but one life in being during which the power of alienation was suspended, even assuming the executors to have exercised their discretion by with-holding the fund during the life and until the death of such benefi-ciary, the provision was valid and lawful and, in accordance with the intention of the testator, should be made operative. The most diffi-cult question relates to the compensation to be awarded the plaintiffs.

It appears that as to the portion of the estate to which the minors were entitled, the decree of the surrogate in 1883 provided that the plaintiffs should hold it as testamentary guardians. And with reference to the shares belonging to the adults, the question is presented whether the plaintiffs took the same, and continued to hold it, as executors or testamentary trustees.

With respect to the fund not embraced in the decree of the sur-rogate of March, 1883, we think the trial judge was right in holding that the plaintiffs are entitled to commissions as executor and executrix upon such fund

He also held that they were entitled "to commissions as trustees on the share of each child until the child reached the age of twenty-one, and to commissions as guardians on the moneys expended for the benefit of each child during its minority." If, in awarding commissions upon the share of each child, the learned judge intended to include all the commissions to which they were entitled, not alone for holding and investing, but also for paying over to each of the minors, then we think the conclusion reached by him was correct; because, as trustees, they would be entitled to one-half commissions for holding and one-half upon paying over the trust funds. Inasmuch, however, as the executors are vested with discretionary power, and they have not determined upon its exercise in favor of the former minors, who have now all reached majority, we do not think that they should receive, until they have exercised their discretion, more than half commissions; the pay-ment of the other half being reserved until such time as the share is actually delivered to the beneficiary.

To allow them, however, in addition, commissions as guardians on the moneys expended for the benefit of each child during his

minority, we do not think warranted, for the reason that, if we assumed that since the decree of the surrogate in 1883 the plaintiffs have held the fund which belonged to each minor as testamentary guardians, and not as trustees, they could only claim commissions in one capacity, and not in both, for the performance of exactly the same service by the same persons. While, therefore, there might be a question in what capacity commissions should be allowed, we think it reasonably free from doubt that they should not be allowed in both capacities, upon the same fund, held by the same persons, over the same period.

In this view, as to the right of compensation to be paid the plaintiffs, we are discussing their right to commissions upon the fund, as distinguished from the income. With respect to the income, they are entitled, of course, to commissions, upon paying over the same, at the statutory rate.

As to the failure of the plaintiffs to make an actual division or separation into different funds, and their failure to so hold the same separate and distinct, we do not think, in view of the authorities, that this is a controlling consideration upon the question of compensation. As was said in *Blake* v. *Blake* (30 Hun, 471), "The actual division of the estate into five parts is not necessary to initiate the trust. It was for the mutual benefit of all that the estate was kept together, and no one objected at the settlement that there was no actual division. Legally it is divided. The shares are separate, and each gets his proper income therefrom." (See, also, *Laytin* v. *Davidson*, 95 N. Y., 263.)

These views, as to the compensation to be awarded plaintiffs upon the shares of the minors, should also control as to their right to half commissions as testamentary trustees upon the shares of Bradford and Margaret, who were adults, and whose shares, under the discretion vested in the plaintiffs, were retained and invested, and to their right to the other half, upon their paying over, at any time, the principal of the fund.

It will thus be seen that we think the learned trial judge erred in not allowing commissions to the extent of one-half upon the shares held by plaintiffs for Bradford and Margaret, and in disallowing commissions upon the annual income of each share held by them in trust, at the statutory rate.

Should it, upon the accounting, be shown that the plaintiffs, as executors or trustees, were guilty of any waste or of any wrongdoing, this would affect the question of their right to commissions. And we think that the question as to what commissions should be paid might well have been left until the termination of the account, when, with all the facts before it, the court could fix their compensation. The trial court, however, having gone into the question, we have deemed it proper to state what we regard as the general rules relating to compensation of executors and trustees.

Another conclusion reached by the learned trial judge, we think, should also be modified, namely, that requiring that the plaintiffs should account for each share as a separate and distinct fund, without reference to any other fund; because, upon the trial, it appeared, and he so found, that there never was an actual division into shares by the plaintiffs, but that they held the entire fund together. Thus it would be a physical impossibility for them to present accounts having reference to each share as though there had been a separation and each share had been separatley administered upon by them. This fact, however, that there was not an actural separation into separate and distinct funds, should not prevent each of the beneficiaries receiving, in the accounting to be had, a statement of the disposition made of the property belonging to each of them. In other words, where executors, without objection, and for the mutual benefit of all interested in the estate, retain the entire fund and invest the same generally, without reference to each separate beneficiary, each would be entitled to his proportionate share as his interest might appear in the income realized from the investment of the entire fund. This, upon an accounting, they would be entitled to receive, less such amounts as it can be shown by the executors have been paid to them or for their account, and for which such executors are justly entitled to a credit.

In accordance with these views, we think the interlocutory judgment should be modified, with costs to the executors to be paid out of the estate.

Van Brunt, P. J., and Barrett, J., concurred.

Interlocutory judgment modified as directed in opinion, and as modified affirmed, with costs to the executors to be paid out of the estate.