PRATT, J., concurred ; CULLEN, J., not voting.

Order reversed, with ten dollars costs and disbursements.

---

JIRAH I. FOOTE and Another, as Executors and Trustees, etc., of HORATIO N. OTIS, Deceased, Appellants and Respondents, *v.* LUCY F. BRUGGERHOF and Others, Respondents and Appellants.

*Election, to take the land, by beneficiaries entitled to the proceeds of real estate — when a conveyance by the trustees cannot be compelled — repeated suits for instruction by testamentary trustees.*

When beneficiaries are immediately entitled to the proceeds of real estate they can elect to take the real estate itself in lieu of the proceeds, but where the real estate is held in trust during the life of the beneficiaries, and none of them have a legal estate in their respective shares thereof, except interests in remainder after their respective deaths (unless the trustees should sooner terminate the trust), the beneficiaries have no right to compel the trustees to convey to them the real estate which is the subject of the trust.

Testamentary trustees cannot bring repeated suits for instructions as to their duties and the determination of their legal rights, unless good reason be shown therefor.

CROSS-APPEALS by the plaintiffs, Jirah I. Foote and another, as executors and trustees, etc., of Horatio N. Otis, deceased, and by the defendants, Lucy F. Bruggerhof and others, from portions of a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 19th day of October, 1894, upon the decision of the court, rendered after a trial at the Westchester Special Term, adjudging that the plaintiffs convey certain real estate to the defendants, and dismissing the defendants' application for other relief.

*John J. Beattie* and *Charles J. McBurney,* for the plaintiffs.

*John H. Mann* and *Ralph E. Prime,* for the defendants.

CULLEN, J. :

There has been and still is another litigation between these parties in this court pending in the city and county of New York. An appeal from an interlocutory judgment in that case was taken to the General Term of the first department. In the report of the decision on that appeal (66 Hun, 406) there is so full a statement of the controversy between the parties and the facts out of which the controversy sprang as to require us to state now only the particular points involved in this action. After the decision of the General Term in the New York action the plaintiffs threatened to sell a piece of the testator's real estate in Yonkers known as the homestead. The defendants forbade the sale, claiming that they had the right to elect to receive the property in land. The plaintiffs then brought this action asking for a judgment declaring their rights and construing the will in this respect. The defendants answered, counterclaiming, *first,* a conveyance of the land from the trustees, and, *second,* the removal of the plaintiffs as trustees on account of their alleged misconduct. The Special Term rendered judgment directing the plaintiffs to convey the homestead to the defendants, and dismissed the second counterclaim on the ground of the pendency of the action in the county of New York. From that judgment both parties have appealed.

We think that the learned trial court erred in directing a conveyance of the homestead to the defendants. The general principle that when beneficiaries are immediately entitled to the proceeds of real estate they can elect to take the real estate itself in lieu of the proceeds is unquestionable. (*Hetzel* v. *Barber,* 69 N. Y. 1; *Garvey* v. *McDevitt,* 72 id. 563; *Prentice* v. *Janssen,* 79 id. 478.) But in the former action the court decided that under the codicil each share of the estate was held in trust during the life of the beneficiary, terminable at any time at the election of the trustees. By that decision we are concluded. Under the decision none of the defendants, except Lucy F. Bruggerhof, as administratrix of Bradford Otis, deceased, took any legal estate in his share except a remainder after his own decease, unless the trustees should sooner terminate the trust. It follows that none of the defendants, with the exception named, would, in case of a sale of the homestead, have any right to the proceeds of the sale, and that, hence, the

rule cited has no application. The effect of the judgment of the Special Term is to abrogate as to this real estate the trust which the General Term of the first department adjudged to exist.

The decision of the trial court, that the removal of the plaintiffs as trustees must be sought in a prior action pending in New York, seems justified by authority. (*Groshon* v. *Lyon*, 16 Barb. 461, affg. 2 Edm. Cas. 321.)

But we are of opinion that on the conceded facts the trial court should have dismissed the complaint. The rule invoked by the plaintiffs as a bar to defendants' counterclaim for their removal as trustees is equally applicable to their own claim. Every argument that can be adduced to maintain the proposition that the defendants must seek relief in the first proceeding wherein it is competent to grant it, applies with increased force to the parties who are the plaintiffs in and movers of both actions. The very ground upon which it was held by the General Term of the first department that the action then before it would be entertained by the court instead of remitting the matter to the surrogate, was that the action sought construction of the legal effect of the codicil. The plaintiffs were bound in that suit to obtain a complete determination of the questions sought to be here adjudicated. It cannot be that trustees can bring repeated suits for instructions as to their duties and the determination of their legal rights unless good reason therefor be shown. Nor could the trustees have suffered through any error into which they might have fallen on the questions. If they had sold the homestead and the purchasers had taken title they would merely have had to account for the proceeds. There could have been no liability to the beneficiaries except for misconduct. The suit was, therefore, unnecessary.

The judgment appealed from should be reversed and the complaint dismissed, with costs of trial against the plaintiffs, but without costs of the appeal, which was necessary to avoid the erroneous judgment against them.

BROWN, P. J., and PRATT, J., concurred.

Judgment reversed and complaint dismissed, with costs of the action against the plaintiffs personally, but without costs of appeal.