GEORGE J. GOULD, EDWIN GOULD, HELEN G. SHEPARD (formerly HELEN M. GOULD) and HOWARD GOULD, as Executors and Trustees under the Last Will and Testament and Codicils Thereto of JAY GOULD, Deceased, Plaintiffs, *v.* GEORGE J. GOULD, Individually and as Receiver of the Surplus Income of DUCHESSE DE TALLEYRAND (formerly ANNA GOULD), et al., Defendants.

Supreme Court, New York Special Term, May, 1922.

Injunction — suit for accounting of executors and trustees brought in Supreme Court — when court will enjoin prosecution of proceeding in Surrogate's Court by one of the defendants as to rights which can be disposed of in Supreme Court suit — amendment of answer permitted.

The Supreme Court, when all the parties interested in an action for an accounting by testamentary trustees are before it, may direct, control and restrain the acts of any trustee or any other party to the action and may punish as for a contempt any disobedience of its mandate.

A proper case being presented the court has power pending such an action to restrain one of the parties thereto from prosecuting a proceeding in the Surrogate's Court to obtain a decree directing the testamentary trustees to pay him a certain sum from the estate.

Where the motion for an injunction is made by a defendant who by his answer praying for affirmative relief is brought within section 720 of the Code of Civil Procedure and section 824 of the Civil Practice Act, which in effect provide that such a defendant is deemed a plaintiff and the plaintiff in the action is deemed a defendant for the purposes of giving him provisional remedies, the

technical objection that no injunction could be granted unless the motion therefor is made by the plaintiff cannot prevail.

Such an objection is also met where after service of the motion papers on all parties to the action one of the plaintiffs, who is also one of the testamentary trustees, through her counsel, joins in the motion for the injunction giving reasons why it should be granted.

Due and timely service of the amended answer of the defendant who moved for the injunction having been admitted by all parties, including the one who instituted the proceeding in the Surrogate's Court, to which only the testamentary trustees have been made parties, and who is both a plaintiff trustee and a defendant individually and as receiver, it follows that affirmative relief is asked against him also as an individual, and a stipulation having been entered into by the attorneys for all parties that said amended answer should be deemed to entitle said answering defendant to such relief as under the facts and the law he may be entitled to, such objection to the granting of the injunction should not be urged on the ground that said answer was not in terms broad enough to cover the relief sought.

It being evident under the pleadings that any and all questions relating to the prospective rights, interests and claims of all parties relative to the estate can and should be passed upon by the Supreme Court, it having first acquired jurisdiction over the entire subject-matter of the action, and of all the parties interested therein, the motion for the injunction will be granted.

If, however, the individual answer to the complaint interposed by the one who instituted the proceeding in the Surrogate's Court should be deemed insufficient, it may be so amended as to distinctly raise the same question that he seeks to have determined by the Surrogate's Court, especially as all parties to the motion for the injunction have expressly stated that they have no objection to his seeking in the action such relief as he deems himself entitled to, and accordingly the order to be entered on granting the motion for the injunction will provide that he shall have leave to amend his answer or make such other application for relief as he may be advised.

MOTION to stay a proceeding in Surrogate's Court, New York county.

*Taylor, Knowles & Hack,* and *De Forest Brothers (Morgan J. O'Brien* of counsel for Mrs. Helen G. Shepard, formerly Helen M. Gould), for plaintiffs.

*Leonard & Walker (Samuel Seabury,* of counsel), for defendant Frank J. Gould.

*Sullivan & Cromwell (P. L. Miller,* of counsel), for defendants Marie Louis Jean Jay Georges Paul Ernest Boniface de Castellane, and another child over the age of twenty-one of Duchesse de Talleyrand.

*Stanchfield & Levy (Edgar T. Brackett* and *J. Arthur Leve,* of counsel), for Marjorie G. Drexel and George J. Gould, Jr., and Lady Decies.

*Chadbourne, Babbitt & Wallace* and *Stetson, Jennings & Russell (John W. Davis* and *William Wallace, Jr.,* of counsel), for defendant George J. Gould, individually, etc.

37

*Alton B. Parker,* for Edwin Gould, individually.

*Coudert Brothers (Howard T. Kingsbury,* of counsel), for defendant Duchesse de Talleyrand, formerly Anna Gould.

*Gillespie & O'Connor,* for defendant Kingdon Gould.

*Griffiths, Sarfaty & Content,* for defendant Jay Gould.

*Walter F. Carter,* guardian *ad litem* for infant defendant Dorothy Gould.

*William Nelson Cromwell,* guardian *ad litem* for Jason Honore Louis Sever de Castellane and other infant children of Duchesse de Talleyrand (formerly Anna Gould).

*Thomas Fuller,* guardian *ad litem* for infant defendant Helen Margaret Gould.

*William A. W. Stewart,* guardian *ad litem* for infant defendants George J. Gould, Jr., Gloria Gould and other infant defendants.

DELEHANTY, J. This motion to restrain defendant George J. Gould from prosecuting the proceeding instituted by him in the Surrogate's Court to obtain a decree directing the trustees of the estate of Jay Gould, deceased, to pay him $644,904.20 should be granted. The motion is made by several of the defendants, and after the service of the motion papers upon all the other parties to this action the application is supported by nearly all the parties thereto, including one of the plaintiffs, Mrs. Helen G. Shepard (formerly Helen M. Gould) as a trustee of the estate, and is opposed only by George J. Gould and his adult children, except one, upon the ground, among others, that the court has no power to grant the same. The objection is based largely upon technical grounds and upon the erroneous assumption that a court of equity has no power to restrain or control the acts and conduct of the parties to an equity action of accounting pending before it except in technical compliance with the provisions of the old Code and the Civil Practice Act relating to the granting of a formal injunction order upon the giving of a formal undertaking and that the motion can only be made by a plaintiff and not by a defendant unless he has set up a counterclaim. The broad and comprehensive powers of the Supreme Court were continued by the Constitution (Const. art. VI, § 1) with general jurisdiction in law and equity, including the powers possessed and exercised by the Court of Chancery in England on the 4th of July, 1776, except as limited by the Constitution and the laws of the state. Code Civ. Pro. § 217; Civil Practice Act, § 64. When sitting in equity, for example, in an action for an accounting by trustees where all the parties interested

in the estate are before the court, there are many well-known powers of the court which may be exercised in the interests of justice to direct, control and restrain the acts of any trustee or any other party to the action, and can punish them for contempt in failing to obey such mandate of the court. Such broad powers are not all covered by the Codes, and the court in some matters may even act upon its own motion to protect the interests of infant parties or upon the application of either party to such an action whether plaintiff or defendant and irrespective of whether any injunctive relief has been asked either in the complaint or in a counterclaim. Among such powers a court of equity may restrain one of the parties to an action of accounting pending before the court from prosecuting a proceeding begun in the Surrogate's Court when a proper case is presented. In *Metropolitan Trust Co.* v. *Stallo, No. 1,* 166 App. Div. 639, 641, the court, per Scott, J., said: " The authority of the Supreme Court sitting as a Court of Equity, and indeed its duty, in a proper case, to stay proceedings in another court is so well established that it will not be questioned. The only inquiry is as to when a proper case is presented. (See *Erie Railway Co.* v. *Ramsey,* 45 N. Y. 637; 4 N. Y. Annot. Dig. 948.) Nor is it an insuperable objection to such an injunction that it restrains the prosecution of proceedings as to which the Surrogate's Court has concurrent or exclusive jurisdiction. * * * the case for such restraint is much strengthened when, as in this case, the commencement of the action in the Supreme Court antedates the commencement of the action or proceeding sought to be enjoined." In that case, as in the instant case, the plaintiff as administrator brought an action for a general accounting to which all persons interested in the estate were made parties. Immediately after that action was brought one of the defendants instituted a proceeding in the Surrogate's Court for the removal of the plaintiff as administrator for the apparent purpose of affording an opportunity to charge the plaintiff with a loss suffered by the estate in consequence of its management thereof or its wrongful acts in relation thereto. The court held that all such questions could be raised and passed upon in the Supreme Court action, and it was there said: " It seems to be quite plain that every question respecting the amount of the estate, the valid claims against it and the liability of plaintiff for its acts or failure to act as administrator can be raised and determined in this action, and it is not easy to see how they can all be determined otherwise than in this or some similar action except by a series of actions, which latter course would inevitably result in much confusion and probably great expense to the estate." Hence the court reversed an order

denying an application for an injunction *pendente lite* restraining the said defendant from prosecuting the said proceedings in the Surrogate's Court and from instituting or prosecuting any other action or proceeding concerning or affecting any of the matters covered by the complaint and granted the motion. That decision of our Appellate Division is a controlling authority as to the power of the court to restrain one of the parties to the action from proceeding in another tribunal, and it will be noted that the court granted the injunction in an action of accounting; and that action was not, as erroneously claimed by counsel in opposition to this motion, " one brought directly for the injunction that was there granted." Mr. Justice Whitaker in the case at bar, in granting an application for the removal of George J. Gould as a trustee of the estate, as reported in *Gould* v. *Gould,* 108 Misc. Rep. 42, not only held that the court had power to remove him upon a motion before trial, but the judge at page 64 of his opinion further said: " It is also the opinion of the court, that inasmuch as the court has acquired plenary jurisdiction of the parties and the subject matter through the action for an accounting, in which action power of removal is incident and ancillary, that the court would and should actually restrain the prosecution of any separate proceeding instituted for that purpose. Such proceeding would come clearly within the sound and sensible rule that if full relief can be had in one suit, no other shall be allowed (*Groshon* v. *Lyon,* 16 Barb. 461; *Foote* v. *Bruggerhof,* 84 Hun, 473; *Metropolitan Trust Co.* v. *Stallo,* 166 App. Div. 649)." The technical objection that no injunction can be granted because the application is not made by a plaintiff, but only by a defendant, entirely overlooks the fact that the defendant Frank J. Gould, by his amended answer, prays for the broadest kind of affirmative relief, and he is thus brought within section .720 of the old Code and section 824 of the Civil Practice Act, which, in effect, provide that such a defendant is deemed a plaintiff and the plaintiff is deemed a defendant for the purpose of giving him the provisional remedies of an injunction, arrest and attachment. The objection is also met by the further fact that after the motion papers were served upon all parties to the action, one of the plaintiffs, Helen G. Shepard (formerly Helen M. Gould), one of the trustees, through her counsel in open court, joined in the application and gave reasons why the motion should be granted. Moreover, the moving papers show that " due and timely service of such amended answer " of said Frank J. Gould " was admitted by all parties " on May 10, 1917; and it was further stipulated by the attorneys for all parties that the said amended answer should be deemed to entitle him to such relief

in the action as under the facts and the law he may be entitled
to, and that no objection to the granting of such relief should be
urged on the ground that the said amended answer is not in terms
broad enough to cover the relief sought. Hence, in view of the
broad prayer for relief and the broad stipulation, the said amended
answer might well be deemed as asking for injunctive relief not
only as against the plaintiffs, as trustees, but also against them
as individuals whenever the facts would show the need of such
protection. As due and timely service of the said amended answer
was admitted by all parties, including George J. Gould, who is
both a plaintiff trustee and a defendant individually and as
receiver, it follows that affirmative relief is asked as against him
also in his individual capacity. In this connection also it may be
noted that the defendant George J. Gould, individually, by his
answer, admits all the allegations of the complaint and prays for
an interlocutory decree directing an accounting under the direction
of the court of all the acts and proceedings of the executors and
trustees, and that the relief sought by the plaintiffs may be accorded.
Thus both as trustee and as individual he has in the broadest
terms, as shown by the prayer of the complaint in this action in
equity, asked in substance and effect that a full account be taken
under the direction of the court of all the acts and proceedings
of the trustees since the death of the testator in 1892; that the will
be construed and that all the rights and interests of the parties to
the action and of the beneficiaries under the will be ascertained and
determined; that the advice and direction of the court may be had,
and that the amount of capital and income remaining in the hands
of the trustees be stated and that such further disposition of such
balances of principal and income be directed as may be adjudged
proper. The complaint also alleges in substance that the plaintiffs
have brought this action in the Supreme Court, instead of a pro-
ceeding in the Surrogate's Court, for the reason among others that
certain questions of equities and setoffs may arise between the
parties hereto, in connection with all of which matters the plaintiffs
desire an adjudication by a court of general jurisdiction in law
and equity. The amended answer of Frank J. Gould among other
things asks that an account may be taken of all the property in
the residuary estate which has been received, or, but for the fault
or neglect of the plaintiffs might have been received by them, and
that sums so found due shall be charged against the plaintiffs to
the extent to which each of them may be responsible in law or
equity, and that they may be ordered to make good any deficiency
found on the accounting to exist in the principal of the trust fund
held for him, and that said defendant " may apply for and have

such other and further relief in the premises from time to time during the course of this action and in the final judgment as to this court may seem just and proper." The answer of the defendant Duchesse de Talleyrand (formerly Anna Gould), who, through her attorney, has joined in support of this motion and submitted a supporting affidavit, also contains a prayer for broad affirmative relief. Thus it is evident, under the pleadings, that any and all questions relating to the prospective rights, interests and claims of all the parties relative to the estate can and should be passed upon by the Supreme Court which has first acquired jurisdiction over the entire matter and of all the parties interested therein. If, however, the pleading should be deemed insufficient, it is obvious that the individual answer of the defendant George J. Gould could be amended in any manner so as to raise distinctly the same questions that he now seeks to have determined by the Surrogate's Court. This is especially true, as all the parties making this motion have expressly stated that they have no objection to his seeking in this action such relief as he deems himself entitled to. The moving papers show that in July, 1919, George J. Gould was removed as trustee upon what Mr. Justice Whitaker characterized as " three specific charges of dereliction of duty and abuse of trust that are admitted and indisputably proven." The papers also set forth facts tending to show that the defendant George J. Gould, because of alleged violations of his duties as trustee of the estate, is indebted to the estate of the deceased in an amount exceeding $6,700,000, and while he disclaims any wrongdoing he does not deny the specific facts showing that he is thus owing the estate. The papers also show that in December, 1920, the guardians *ad litem* for infant remaindermen and attorneys for Frank J. Gould and for Duchesse de Talleyrand made a demand upon the trustees that they impound the income of George J. Gould from the said estate, and, acting upon such demand, the trustees have impounded such income, which has accumulated to the extent of upwards of $645,000. While counsel for the defendant concede the right of retainer by an executor or administrator of a legacy or designated share of an estate and to apply the same upon the indebtedness of the legatee because of the plain duty of the debtor to pay his debt to the estate upon receiving his legacy, yet it is contended that the rule has no application to the present situation. Counsel for the defendant even go so far as to claim, in substance and effect, that, even though George J. Gould may owe the estate millions because of his breach of trust as a trustee, yet those who have been robbed and wronged merely become his creditors and cannot touch his income from the estate except as to one-tenth

thereof upon execution after they have become his judgment creditors, under section 684 of the Civil Practice Act, or they, as his judgment creditors, may seek to reach his surplus income beyond the amount necessary for his support and maintenance, under section 98 of the Real Property Law, for the reason, as claimed by his counsel, that the will of Jay Gould, deceased, has " established a valid spendthrift trust, immune from the attack of creditors." This astounding and startling proposition that a beneficiary under such a will who has been robbed by his own trustee merely becomes a creditor, with the slow and limited remedies of a judgment creditor, does not appeal to the conscience of a court of equity, with all its great powers over defaulting trustees, to summarily compel them to make entire restitution of stolen trust property. But however that may be, the defendant should be given a full opportunity to present his claims, and, on the other hand, all the other parties to this action should also be given an equal chance to be heard upon that question, as they are also vitally interested in a proper solution of the controversy. Hence it becomes obvious that the Supreme Court peculiarly is the proper tribunal to pass upon this question involving the law of trusts, especially as all the parties interested are now before the court, and it is well settled that a court of equity, having once acquired jurisdiction of the parties and of the subject-matter, has full power " to administer all the relief which the nature of the case and the facts demand, and to bring such relief down to the close of the litigation between the parties." *Russell H. & I. M. Co.* v. *Utica D. F. & T. Co.*, 195 N. Y. 54; 1 Cyc. 644. As the trustees only have been made parties to the proceeding recently begun in the Surrogate's Court in behalf of the said defendant Gould, it is evident that all the other parties to this action would apply to be made parties to that proceeding, and the entire accounting of the trustees would again have to be gone into in order to determine the respective rights and interests of the parties, and for the purpose of enabling the Surrogate's Court to " make such a decree in the premises, as justice requires," after hearing " the allegations and proofs " of all the parties " whose rights and interests would be affected by the decree," as provided by sections 219 and 220 of the Surrogate's Court Act. Obviously, therefore, such a needless duplication of parties and of procedure, including the appointment of special guardians for all the infant parties to this action and the consequent great delay and large expense entailed upon the parties should not be permitted, especially as this action has already been pending nearly six years. Moreover, doubts have been raised as to the equitable jurisdiction of the

Surrogate's Court as to questions of setoff, etc., even under the latest statutory enlargement of its powers and jurisdiction. *Matter of Kent,* 92 Misc. Rep. 113, 128. In fact, this consideration seems to have led the plaintiffs in this action to first invoke the jurisdiction of this court in preference to that of the Surrogate's Court, as already indicated. Many points are raised and authorities cited by distinguished counsel in this matter, but it is unnecessary to discuss or pass upon them in order to determine this motion, as they can better be considered upon the trial or other deliberate proceeding in this action for the relief sought by the respective parties. The order entered hereon should provide that the said defendant George J. Gould shall have leave to amend his answer herein, or to make such other application for relief in the present action as may be advised. Settle order on notice.

Ordered accordingly.