GEORGE J. GOULD and Others, as Executors and Trustees under the Will of JAY GOULD, Deceased, Plaintiffs, *v.* GEORGE J. GOULD, Individually and Others, Appellants, Impleaded with GEORGE J. GOULD, as Receiver of the Surplus Income of DUCHESSE DE TALLEYRAND, and Others, Defendants, and FRANK JAY GOULD and Others, Respondents.

First Department, December 22, 1922.

Trial — stay of proceedings — proceeding by a removed trustee in Surrogate's Court to compel payment of withheld income will be restrained on motion in action in Supreme Court by said trustee and others for accounting.

Proceedings in the Surrogate's Court by a removed trustee to compel the payment to him as a beneficiary of withheld income will be restrained on motion made in an action in the Supreme Court by the trustees of the trust estate for the judicial settlement of their accounts in which action it is claimed that the removed trustee has been overpaid by the estate in amounts largely in excess of his annual income therefrom.

The strict rule of practice that an action in one court will not be restrained on a motion made in an action in another court does not apply to an administration action, wherein a court of equity has power to make any order which will render effective any decree that it shall render as to the accounts between the parties to that action.

APPEAL by the defendants, George J. Gould and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of June, 1922, restraining said George J. Gould during the pendency of this action from prosecuting in the Surrogate's Court of New York county a proceeding instituted on March 15, 1922, to compel the trustees under the will of Jay Gould, deceased, to pay to him certain moneys which they have withheld from his income from the trust estate.

*John W. Davis* of counsel [*William Wallace, Jr.,* with him on the brief], for the appellant George J. Gould.

*Edgar T. Brackett* of counsel [*J. Arthur Leve, George J. Gillespie* and *Harold Content* with him on the brief; *Stanchfield & Levy,* attorneys for George J. Gould, Jr., and Marjorie Gould Drexel; *Gillespie & O'Connor,* attorneys for Kingdon Gould; *Griffiths, Sarfaty & Content,* attorneys for Jay Gould], for the appellants, adult children of George J. Gould.

*Samuel Seabury* of counsel [*Walter B. Walker, William Nelson Cromwell* and *Philip L. Miller* with him on the brief; *Leonard &*

*Walker*, attorneys for Frank Jay Gould; *William Nelson Cromwell*, guardian *ad litem* for Jason Honore Louis Sever de Castellane and others; *Sullivan & Cromwell*, attorneys for George Gustave Marie Antonie Boniface Charles de Castellane and others], for the respondents.

*Frederic R. Coudert* of counsel [*Howard Thayer Kingsbury* with him on the brief; *Coudert Brothers*, attorneys], for the respondent the Duchesse de Talleyrand.

*William A. W. Stewart*, guardian *ad litem*, for the respondents Gloria Gould and others.

SMITH, J.:

This order was made upon the ground that an accounting action is pending between George J. Gould and the estate, in which George J. Gould is claimed by the defendants to have overdrawn the amount due to him, and is largely indebted to said estate. If this fact be shown, these moneys may be impounded for payment of such excess that he has received. This order is interlocutory and simply restrains George J. Gould from prosecuting his claim until a determination of the action.

It is undoubtedly the ordinary rule that an injunction will not be granted in one action staying the proceedings in another action, unless the action in which it is made asks for an injunction. But the action in which this order is made is an administration action which will determine the account of George J. Gould, and, if any moneys are found to be owing to him, those moneys will be directed to be paid to him. If he should proceed in the Surrogate's Court or in any other court to compel the trustees to pay him these moneys, the answer would be that he has been overpaid by the estate in amounts largely in excess of his annual income, which will involve an accounting, which is the object of the action in which this order was made.

A decision is herewith handed down (*Gould* v. *Gould*, 203 App. Div. 807) in which we hold that equity has power in an administration action to remove a trustee, although his removal be not asked for, either in the complaint, or in any answer. These strict rules of practice do not, we think, apply to an administration action, wherein a court of equity has power to make any order which will render effective any decree that it shall render as to the accounts between the parties to that action. Such a power exists as incidental to the right of the court to make an enforcible decree.

While it has not been determined in this action that George J. Gould is owing the estate any moneys whatever, the purposes of the action being to settle the accounts of the parties, and all parties being before the court, I am of the opinion that the court

has power in this action to make this order, on the ground that, if George J. Gould has already received from the trust estate or from moneys which should have been applied to the trust estate more than sufficient to pay this income, this income is not owing to him by the estate, and that such fact cannot be ascertained until the conclusion of this action.

In my judgment, therefore, the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., PAGE, GREENBAUM and FINCH, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.