KINGDON GOULD and Another, as Executors, etc., of GEORGE J. GOULD, Deceased, Executor, etc., of JAY GOULD, Deceased, Appellants, Impleaded with EDWIN GOULD and Others, as Executors, etc., of JAY GOULD, Deceased, Respondents, *v.* KINGDON GOULD and Another, as Executors, etc., of GEORGE J. GOULD, Deceased, Appellants, Impleaded with FRANK JAY GOULD and Others, Respondents.

First Department, November 28, 1924.

**Executors and administrators — action by executors and trustees for judicial accounting, construction of will, and judicial advice — estate is located in this State and all proceedings had here — one of executors was removed and his income from trust impounded to meet possible claims of estate — this is administration action of which courts of equity have jurisdiction — removed executor died resident of New Jersey — executors of removed executor properly substituted.**

An action by executors in the Supreme Court for the judicial settlement of their accounts, the construction of the will, and for judicial advice in an estate located in this State, is an administration action of which the courts of this State have jurisdiction.

The executors of one of the executors of the will, who was removed from his office and subsequently died a resident of New Jersey, and whose income under a trust created by the will was impounded here to protect the estate, were properly substituted in the place and stead of their testator.

APPEAL by the plaintiffs, Kingdon Gould and another, as executors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1923, granting the motions made respectively by the plaintiffs Edwin Gould and others, as executors, and by the defendant Frank Jay Gould

to substitute said plaintiffs Kingdon Gould and another, as executors, etc., of George J. Gould, deceased, as plaintiffs in this action in the place and stead of said George J. Gould, deceased, as executor, etc., of Jay Gould, deceased, and as defendants in this action in place and stead of George J. Gould, deceased, defendant herein individually and as receiver of the surplus income of Duchesse de Talleyrand, and denying the cross-motion of the plaintiffs Kingdon Gould and another, as executors, etc., to vacate and set aside the service of the orders to show cause upon which said motions were made and to vacate and set aside each of said orders to show cause.

Appeal by the plaintiffs, Kingdon Gould and another, as executors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1923, in so far as it grants the motion made by the defendant Frank M. Gould to substitute said plaintiffs Kingdon Gould and another, as executors, etc., of George J. Gould, deceased, as parties plaintiff in this action in the place and stead of George J. Gould, as executor, etc., of Jay Gould, deceased, and denies the cross-motion of the plaintiffs Kingdon Gould and another, as executors, for an order vacating and setting aside the service upon such executors of the order to show cause upon which the motion was made.

*Stetson, Jennings & Russell; Chadbourne, Stanchfield & Levy;* and *Gillespie & O'Connor* [*William Wallace, Jr.,* of counsel; *George Gillespie* with him on the brief], for Schuyler Neilson Rice and another, as executors of George J. Gould, deceased, appearing specially and solely herein for the purpose of objecting to the jurisdiction of the court over such executors, appellants.

*Taylor, Knowles & Hack* and *deForest Brothers* [*R. B. Knowles* of counsel], for the plaintiffs, respondents.

*Leonard & Walker; Rounds, Schurman & Dwight;* and *Thomas S. Fuller* [*Samuel Seabury* of counsel; *Walter B. Walker, George W. Schurman* and *Thomas S. Fuller* with him on the brief], for the respondents Frank Jay Gould and others.

*Alton B. Parker,* for the respondent Edwin Gould, individually and as executor and trustee, etc.

*F. C. Nicodemus, Jr.* [*Winslow S. Pierce* and *Lawrence Greer* with him on the brief], for the respondent Frank M. Gould.

*O'Brien, Boardman, Parker & Fox* [*Morgan J. O'Brien* of counsel; *Lyttleton Fox* and *H. A. Jones* with him on the brief, for the respondent Helen G. Shepard.

*Coudert Brothers* [*Howard Thayer Kingsbury* of counsel], for the respondent Anna Gould, Duchesse de Talleyrand.

*George L. Shearer,* for the respondent United States Trust Company, as substituted trustee, etc.

*Geller, Rolston & Blanc* [*C. Alexander Capron* of counsel; *Charles Angulo* with him on the brief], for the respondent The Farmers Loan and Trust Company, as substituted trustee, etc.

DOWLING, J.:

This is an appeal from an order substituting Kingdon Gould and Schuyler Neilson Rice, as executors of the will of George J. Gould, deceased, as plaintiffs in the place and stead of George J. Gould, deceased, an original party plaintiff in his capacity of executor and trustee under the last will and testament and codicils thereto of his father, Jay Gould, deceased, and as a defendant in the place of George J. Gould, individually, an original party defendant.

The order appealed from determined three motions made at Special Term and heard together, namely: (1) A motion by defendant Frank J. Gould, commenced by order to show cause, dated October 10, 1923, to secure an order substituting said Kingdon Gould and Rice as executors of George J. Gould in the place and stead of George J. Gould, as above stated. (2) A motion by the then surviving plaintiffs, as executors and trustees under the last will and testament and codicils thereto of Jay Gould, deceased, for the same relief, commenced by order to show cause, dated October 5, 1923. (3) A cross-motion by Kingdon Gould and Schuyler Neilson Rice in which they stated that they appeared specially as executors of the will of George J. Gould, deceased, " for an order vacating and setting aside the service of each of said orders to show cause and each such order, on the ground that this court has no jurisdiction over said " Rice and Kingdon Gould, or either of them, as executors of George J. Gould.

In addition to moving by cross-motion to set aside the service upon them of the orders to show cause on the ground of lack of jurisdiction, they moved for an order vacating and setting aside each such order in the same notice of motion.

Said executors of George J. Gould, appearing specially, filed " affidavits in opposition " to the original motions, and prayed " that the orders applied for by the orders to show cause hereinabove referred to be denied."

The orders to show cause were duly served by publication upon the executors of George J. Gould pursuant to order, and were also served personally upon them, upon Kingdon Gould in the State

of New York, and upon Schuyler Neilson Rice in the State of New Jersey.

This is an administration action commenced in 1916 by the plaintiffs, George J. Gould, Edwin Gould, Helen G. Shepard and Howard Gould, as executors and trustees under the last will and testament of Jay Gould, deceased, who died a resident of New York, for a judicial settlement of their accounts both as such executors and trustees, for the stating of the amount of real and personal property with which they are chargeable as executors and trustees, for the approval of their holding and managing the securities of the estate as a unit and of having neglected and refused to make the physical division thereof into the separate trust funds directed to be made by the will, for the advice and direction of the court as to thus holding the funds in the future, for such other advice and direction of the court as may be necessary or advisable in the premises, for the approval of their action in acquiring real estate, for a stating of the amount of principal and income with which they were chargeable, for a construction of the will, and for other and further relief. The complaint was verified by George J. Gould and by his coexecutors and cotrustees Edwin Gould and Helen G. Shepard on June 13, 1916, and the prayer for relief is as follows:

" Wherefore plaintiffs pray judgment for an account under the direction of this Court, of all of their acts and proceedings since the death of the said Jay Gould, both as Executors of his last Will and Testament and codicils and as Trustees of the several trusts created thereunder, and that the various acts of the plaintiffs in connection with the administration of said Will, and of the trust estate, be examined, and be ratified and confirmed, and that the Will of the said Jay Gould be construed and the rights and interests of the parties to this action and of the beneficiaries under the said Will be ascertained and defined, and that plaintiffs' accounts as Executors and Trustees as aforesaid be judicially settled and allowed, and that plaintiffs be discharged and released from all accountability and liability both as Executors and Trustees and individually, to all persons interested in said estate, and also to all other persons whatsoever, as to all matters embraced in their said accounts, and that the amount of the real and personal estate with which the plaintiffs are chargeable as Executors and Trustees be stated, and that plaintiffs' action in holding and managing the securities of said estate as a unit and in deferring the physical division thereof into separate trust funds be approved and that the plaintiffs may obtain the advice and direction of the Court

6

as to thus holding said funds in future and that plaintiffs' action in acquiring said real estate and in all other matters in connection with the administration of the said trust funds be ratified and approved and that plaintiffs have such other advice and direction of the Court as may be necessary or advisable in the premises, and that the amounts of capital and income remaining in the plaintiffs' hands as trustees of such trusts be stated, and that such further disposition of such balances of principal and income be directed as may be adjudged proper, and that plaintiffs may have the right to apply at the foot of the judgment to be entered herein for further settlements of their accounts as trustees subsequent to January 1st, 1916, in the event that such accounts be not included in the judgment to be entered herein, and for such other and further relief in the premises as may be just, together with the costs and disbursements of this action."

At all times since the death of Jay Gould the funds constituting his estate, administration upon which is now proceeding in this court, and the subject-matter of this action have been and now are located in this State.

Jay Gould died a resident of New York on December 2, 1892, and his will and the codicils thereto were duly admitted to probate in January, 1893, by one of the surrogates of New York county. Letters testamentary were issued thereon in January, 1893, to George J. Gould, Edwin Gould, Helen G. Shepard and Howard Gould, the plaintiffs in this action. The same persons named as executors were also in the will and codicils named as trustees of the residuary estate and directed to divide the same into six separate trusts, and to separately administer one of said trusts for the benefit of each of testator's six children, paying over the income thereof to such child for life, and on his or her death to convey the corpus of such trust to the issue of the beneficiary in such proportions as the life beneficiary should appoint in his will; and the will further directed that no one of the four trustees should be or act as a trustee of the trust of which he was the life beneficiary. Provision was made for certain contingent remainders.

The executors and trustees continued to administer the residuary estate as an undivided whole, did not erect the separate trusts as directed, but paid to themselves and their younger brother and sister what they claimed to be one-sixth of the income of the whole residuary estate, and, never having previously accounted, in 1916 commenced this action. As each of them was the life beneficiary of one of the said trusts, they made themselves parties defendant in their individual capacity.

The amended complaint prayed a judgment construing the will,

stating the accounts, determining the amounts of principal and income which should be in their hands, and fixing the rights and liabilities of all parties. The amended answer of the defendant Frank Jay Gould, by stipulation made the answer to the amended complaint, demanded affirmative relief against George J. Gould. Under date of April 20, 1917, it was stipulated that this amended answer should entitle Frank Jay Gould to such relief as under the facts and the law he may be entitled to, and that no objection should be urged to the granting of such relief to said defendant on the ground that the amended answer is not in terms broad enough to cover the relief sought.

On April 20, 1917, an order in this action was made for the examination before trial of George J. Gould and his coexecutor and cotrustee, Edwin Gould, and such examinations were had. The testimony taken thereon was voluminous. In July, 1919, as a result of admissions and disclosures made by George J. Gould in the course of such examination before trial, he was removed as a trustee by order of Special Term made in this action (108 Misc. 42), which order of removal was subsequently affirmed by this court (203 App. Div. 807).

In December, 1920, the trustees under the last will and testament of Jay Gould, deceased, commenced to impound the one-sixth share of income from the trust estate, allotted to George J. Gould as security for the payment of any indebtedness which might eventually be adjudged payable by him. George J. Gould having applied to the Surrogate's Court of New York county for an order to show cause why the remaining executors and trustees should not pay over to him the income then impounded, he was restrained from proceeding before the Surrogate's Court on the ground, among others, that the issues raised there were involved in this accounting action which said George J. Gould, as executor and trustee under the will of Jay Gould, deceased, had previously commenced. (See 118 Misc. 576; affd., 203 App. Div. 817.)

By the first supplemental complaint it appears that in May, 1922, Howard Gould was permitted to resign as a trustee, and various trust companies were appointed in his place to act with the two remaining original trustees, Edwin Gould and Mrs. Helen G. Shepard, as trustees of the respective trusts as to which they were appointed, save in the case of Howard Gould's trust, as to which the Equitable Trust Company was appointed in the vacancy of George.

In the month of February, 1923, a stipulation was made by the attorneys and guardians *ad litem* for all the parties to this action, including the attorneys for George J. Gould, both as an executor

and trustee plaintiff as well as in his individual capacity as a defendant, whereby the examination of said George J. Gould before trial was closed, the reading of it to him and his subscription thereof was waived in view of his then physical condition, and providing among other things " that the record of this examination before trial of George J. Gould, so enlarged, may be offered in evidence in this action at any time, whether or not said George J. Gould be living." The referee before whom the testimony on such examination before trial was taken made his certificate on March 21, 1923, and the order, testimony and stipulation were duly filed in the office of the clerk of New York county on said March 21, 1923, two months prior to the death of George J. Gould.

On February 15, 1923, an order was made in this action appointing a referee to hear and determine the issues herein.

On April 17, 1923, George J. Gould served an amended answer whereby he asked for the following affirmative relief:

" (1) That the overcharges and overpayments by this answering defendant to the Estate hereinbefore set forth may be adjusted and corrected as between himself and the Estate.

" (2) That Frank J. Gould, as well as the plaintiffs, be required to truly account as to all matters relating to the administration of the estate of Jay Gould, deceased, and particularly with respect to the principal and the income of the part, fund or share in which this answering defendant has an interest; to the end that Frank J. Gould, as well as the plaintiffs, may be charged with all amounts for which he may be liable or responsible in law or in equity.

" (3) That the matters herein alleged as the basis of affirmative relief may all be inquired into and fully adjusted in this proceeding as between the various parties in interest, and such decree be rendered thereon and herein as may be just and equitable.

" (4) That the will may be interpreted particularly with respect to the third paragraph of the second codicil (the so-called marriage codicil) thereof, and that such disposition may be made of the share or part of Frank J. Gould as may be required by the said will and codicils.

" (5) That this defendant may have such other and further relief from time to time in the premises and otherwise as may be just and proper, including the recovery of his costs and proper disbursements in this action."

George J. Gould died on May 16, 1923, a resident of the State of New Jersey.

On or about June 4, 1923, his will was duly admitted to probate in the county of Ocean, State of New Jersey, and letters testamentary were issued to his son, Kingdon Gould, who as an individual

is a party defendant to this action, and as such individual defendant has appeared herein, and to Schuyler Neilson Rice, who for several years prior to the death of George J. Gould had been secretary of the trust estate under the will of Jay Gould, deceased, and had also acted as personal secretary to George J. Gould.

George J. Gould, by the sworn admissions of his executors, left assets within the State of New York consisting of some tangible personal articles, land in the Catskill mountains, a seat on the New York Stock Exchange and a sum in excess of $1,000,000 now held by the plaintiffs herein and the Equitable Trust Company, which represents one-sixteenth of the income of the residuary trust, impounded by them, from December, 1920, to the date of his death as a fund to be applied in part satisfaction of his liability for losses sustained by the trust estate as a result of his malfeasance and misfeasance as a trustee.

The accounting by George J. Gould as executor and trustee under the will of his father — included in this administration action — is incomplete and neither George J. Gould nor his executors since his death have accounted for his acts and doings as an executor and trustee of the estate of Jay Gould.

It became apparent from the disclosures of the examination before trial that George J. Gould was indebted to his trust estate and might ultimately be surcharged for very large sums of money aggregating many millions.

It is alleged on the information and belief derived from the admissions made by George J. Gould in his examination before trial that a large part of the funds and moneys of which George J. Gould died possessed were derived unlawfully from the estate of Jay Gould of which he was executor and trustee and are now funds in the hands of his executors, Kingdon Gould and Rice, for which they should be required to account herein.

In my opinion the foregoing necessarily lengthy statement of the history of the various steps taken in this action demonstrate that this is an administration suit, involving the estate of Jay Gould, deceased. The jurisdiction of courts of equity in such actions is thus stated in 21 Corpus Juris, 119: " It has long been settled that, in cases of the administration of assets, courts of equity have a concurrent jurisdiction with courts of law. The jurisdiction of equity to administer the assets of deceased persons, and to apply them to the payment of debts, charges, legacies, and distributive shares has frequently been placed upon the ground of the existence of a trust in such assets in the hands of the personal representatives. While it is true that the trust relationship existing between the personal representative and those claiming an interest

in the estate is ordinarily a sufficient ground for sustaining the jurisdiction of equity over administrations, nevertheless the origin of this jurisdiction can be more broadly rested on the general inability of the ancient common law and ecclesiastical courts to furnish legatees, distributees, and creditors full, adequate and complete relief. In particular the necessity in most instances of compelling a discovery of assets and the rendering of an account almost invariably drove legatees, distributees, and creditors into equity, so that in the course of time in England the chancery court became the ordinary tribunal for the administration of the estates of deceased persons, and in cases of any complication it acquired, practically speaking, an almost exclusive jurisdiction."

That this is an administration suit is settled, so far as this court is concerned, by the opinions in *Gould* v. *Gould* (203 App. Div. 807) (the appeal from the order removing George J. Gould as trustee), where both the majority opinion by Mr. Justice PAGE and the dissenting opinion by Mr. Justice SMITH denominate the present suit as an " administration action." It is so termed again by Mr. Justice SMITH in the opinion in *Gould* v. *Gould* (203 App. Div. 817) (the appeal from the order enjoining the proceedings in the Surrogate's Court).

The judgment in an administration action dealing with the estate of a decedent fixes for all time the rights and liabilities with respect to the estate of the parties interested in the estate or trust fund before the court, and would if necessary direct a delivery or conveyance by one of the parties of property, tangible or intangible, which the court found had been improperly taken by him to the party entitled. But this is incidental to the main purpose of the action, which is practically one *in rem*, determining the rights of all persons interested in the *res*, which is the estate or trust fund, physically present in the State of New York. Every element present in this case is persuasive in favor of the jurisdiction of the courts of this State. These have been briefly summarized by learned counsel as follows:

Jay Gould died resident here. Administration upon his estate was here decreed and the assets of his estate are located here. It is here that his estate has been administered. Here George J. Gould and the other executors and trustees commenced this administration action for an accounting, and asked judicial approval of their acts. Here, in this action, George J. Gould made a claim for affirmative relief against Frank Jay Gould. Here George J. Gould was removed for misconduct as trustee. Here he was examined before trial. Here his income was impounded and now constitutes an asset of his estate subject to the lien of

any judgment that may be entered in this action. Here George J. Gould made a motion in the Surrogate's Court to require the payment of his impounded income to him, and here this·court restrained such proceeding in the Surrogate's Court on his part, notwithstanding his assurance then given that he and his estate were amply able to respond to any judgment that may be entered in ·this action. Here George J. Gould signed a solemn stipulation, covenanting that his testimony given before trial might be used on the trial of this action, whether he was living or dead.

It is contended, therefore, as it seems to me with much force, that the court has jurisdiction for these reasons: (1) The nature of the action; (2) a will probated here is sought to be construed; (3) the administration of a trust created in this State is concerned, as to which the executors of the deceased trustee are under a duty to account; (4) the executors of the removed and deceased trustee and beneficiary are necessary or proper parties to the action; (5) the deceased trustee by his own act submitted to the jurisdiction; (6) assets of the deceased trustee are in this State, in the custody of the trustees appointed by its courts, as well as other assets belonging to him therein; (7) equity will take jurisdiction when to decline it would work injustice.

Bearing in mind that this administration action has to do solely with the administration of the estate of Jay Gould, a New York estate, it seems to me that every consideration of equity calls for the courts of this State continuing the jurisdiction to which George J. Gould voluntarily submitted himself. With all the parties interested before the court, there can be no question that our courts can settle the account of the trustees, past and present, determine the rights of the beneficiaries as between themselves, fix the liability of the trustees, and adjudge the interest of all concerned in the corpus of this estate, which is physically present in this jurisdiction. If the courts of this State are without such powers I know of no other courts that can do it.

There can be no doubt, it seems to me, that our courts have jurisdiction at least in so far as a judgment obtained disposes of property in this State and held by the trustees, including therein not only the principal of the estate, but any income unpaid to beneficiaries still in the hands of the trustees.

Whether or not such a judgment would have any extraterritorial effect we are not called upon to decide. That would be a question primarily for decision by the courts of the State of New Jersey and perhaps ultimately by the Supreme Court of the United States. As was said in *Thorburn* v. *Gates* (184 App. Div. 443): " Neither are we concerned, at this stage of the proceedings, with the manner

in which a judgment that might be recovered could be enforced in this State nor whether it would be recognized and given effect in the State of Texas." (See, also, *Hopper* v. *Hopper*, 125 N. Y. 400.)

This case, it seems to me, comes within the rule laid down in *Helme* v. *Buckelew* (229 N. Y, 363), that foreign executors " may be sued in the same manner as non-residents, but only when the subject-matter subjects them to the jurisdiction." Here the subject-matter of the suit is the construction of the will of Jay Gould, a resident of New York at the time of his death, the administration of his estate in this State and the settling of the accounts of his executors and trustees who sought the courts of this State for the determination of their rights and liabilities under the laws of this State.

*Rogers* v. *Gould* (210 App. Div. 15), was an action to recover damages for a tort, an action solely *in personam*, and the reasons assigned for the failure of jurisdiction there have no application to the present case.

The orders appealed from should be affirmed, with ten dollars costs and disbursements to all parties appearing and filing briefs upon this appeal, payable out of the funds of the estate.

Clarke, P. J., Smith, Merrell and McAvoy, JJ., concur.

On each appeal: Order so far as appealed from affirmed, with ten dollars costs and disbursements to all parties appearing and filing briefs upon this appeal, payable out of the funds of the estate.