## Matter of Miller (Miller)

### 2025 NY Slip Op 33833(U)

### October 10, 2025

### Surrogate's Court, New York County

### Docket Number: File No. 2013-2333/G

### Judge: Rita Mella

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
Accounting by MARIANNE P. MILLER, as Executor of
the Estate of                                                    DECISION and ORDER

STUART R. MILLER, a/k/a STUART MILLER,
                                                                 File No.: 2013-2333/G
                        Deceased.
-----------------------------------------------------------------------x
Accounting by MARIANNE P. MILLER and PETER
JAMES MILLER, as Trustees of the Credit Shelter Trust
under Article Fourth u/w/o                                        File No.: 2013-2333/H

STUART R. MILLER, a/k/a STUART MILLER,

                        Deceased.
-----------------------------------------------------------------------x
Accounting by MARIANNE P. MILLER and PETER
JAMES MILLER, as Trustees of the Qualified Domestic
Trust under Article Fifth u/w/o                                   File No.: 2013-2333/I

STUART R. MILLER, a/k/a STUART MILLER,

                        Deceased.
-----------------------------------------------------------------------x
M E L L A, S.:

        The court considered the following submissions in determining the instant motions
(CPLR 2219[a]).

Papers Considered[1]                                                        Numbered

**On Peter J. Miller's Motion for Substitution in Proceeding to Settle
Executor's Account (File No.:  2013-2333/G)**

Notice of Motion, Affirmation of Gregg M. Weiss, Esq.,
in Support of Substitution Motion, with Exhibits                            1-2

Affirmation of Laurence J. Lebowitz, Esq., in Opposition                   3

**On Peter J. Miller's Motion for Substitution in Proceeding by Trustees
to Settle Account for Credit Shelter Trust (File No.:  2013-2333/H)**

---

[1] Counsel for Movant, Peter J. Miller, attempted to file a Reply Affirmation addressed to all three motions on August 11, 2025, more than three weeks after the July 16, 2025, return date of the motions and without an explanation for the delay. Under these circumstances, the court did not accept the Affirmation for filing.

Notice of Motion, Affirmation of Gregg M. Weiss, Esq.,
in Support of Substitution Motion, with Exhibits                    4-5

Affirmation of Laurence J. Lebowitz, Esq., in Opposition            6

**On Peter J. Miller's Motion for Substitution in Proceeding to Settle
Account for Qualified Domestic Trust (File No.: 2013-2333/I)**

Notice of Motion, Affirmation of Gregg M. Weiss, Esq.,
in Support of Substitution Motion, with Exhibits                    7-8

Affirmation of Laurence J. Lebowitz, Esq., in Opposition            9

In a Decision and Order, dated March 14, 2024, the court stayed the above-captioned accounting proceedings in the estate of Stuart R. Miller (Decedent) due to the death of his wife, Marianne P. Miller (Marianne), a petitioner in each proceeding. Peter J. Miller (Peter), who is Decedent and Marianne's son and the Personal Representative of Marianne's estate in Florida,[2] now moves for an order of substitution in each proceeding so that the stay can be lifted, and the accounting proceedings can be concluded (*see* CPLR 1015[a]; CPLR 1021; SCPA 2207[3]).

David Miller, another child of Marianne and Decedent, who had requested SCPA 2211 discovery prior to Marianne's death, opposes the motion on two grounds. First, he claims that the Letters of Administration that Peter obtained in Florida are "restricted" and thus do not permit him to appear in the instant accounting proceedings. Second, he contends that, even if that were not the case, Peter would still need to obtain Ancillary Letters of Administration in Marianne's estate from a New York Court before he can appear in the proceedings. Neither argument has any merit.

---

[2] Letters of Administration were issued to Peter in the Probate Division of the Eighteenth Judicial Circuit of Florida, Seminole County, on May 1, 2024 (Case No.: 2024CP000587).

2

Peter's authority under the Letters of Administration at issue is broad in scope and includes "the full power to administer the estate according to law." The "restrictions" to which David refers relate to specific, unrelated matters that would not preclude Peter's appearance in these proceedings for the purpose of settling Marianne's accounts as Executor and Trustee and, if necessary, defending her estate from possible objections.

As for David's other argument, he fails to cite a single case to support his contention that Peter is required to obtain ancillary letters of administration from a New York court before he can appear as the fiduciary of Marianne's estate in the accounting proceedings. Nor does he address the myriad cases that would support allowing Peter to appear as fiduciary of Marianne's estate without having to commence an ancillary estate proceeding (*see e.g. Gould v Gould*, 211 App Div 78 [1st Dept 1924] [affirming order allowing substitution of the fiduciaries of a deceased fiduciary appointed in another state in proceeding seeking, among other things, judicial settlement of the deceased fiduciary's account]; *Matter of Lerman*, NYLJ, Sept. 13, 2006, at 3, col 1 [Sur Ct, NY County] [out-of-state fiduciary of deceased fiduciary given authority under SCPA 2207 to administer trust assets]; *Matter of Coleman*, NYLJ, Dec. 11, 1990, at 26, col 5 [Sur Ct, Nassau County] [out-of-state fiduciary of deceased fiduciary given authority under SCPA 2207 to administer estate assets]; *see also Matter of Pedersen*, 58 Misc 3d 868 [Sur Ct, Oneida County 2017] [granting substitution motion of out-of-state administrator of estate of deceased objectant in probate proceeding]).

SCPA 2207[3] provides a mechanism for a fiduciary of a deceased fiduciary to become a party to a pending accounting proceeding so that the court may "proceed with the accounting and determine all questions and grant any relief which the court would have power to determine or

3

[* 3]

grant in case such fiduciary had not died." Where, as here, parties have appeared in the accounting proceeding in which the fiduciary of the deceased fiduciary wishes to become a party, the application should be made by motion (*see* 5 New York Civil Practice: SCPA ¶ 2207.03[2] [2025]).

Peter, having made such a motion in each proceeding in which Marianne was a petitioner and there being no impediment to his appearance as the fiduciary of Marianne's estate in each proceeding, the motions for substitution are granted and the stay lifted in each proceeding (*see* CPLR 1015[a]; SCPA 1021; SCPA 2207[3]). The caption of each proceeding shall be amended accordingly.

The Clerk of the Court is directed to email a copy of this decision, which constitutes the order of the court, to the counsel listed below.

Dated: October 10, 2025

_____
SURROGATE

To:

Gregg M. Weiss, Esq. - gweiss@gardnerweiss.com

Donald L. Citak, Esq. – dcitak@citaklaw.com

Laurence Lebowitz, Esq.- LLebowitz@dsblawny.com

4